UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

WILLIAM NORKUNAS, Individually,　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　Plaintiff,　　　　　　　　　　:
vs.　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:　Case No.
DILIP REALTY LLC, a Massachusetts Limited:
Liability Company,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　Defendant.　　　　　　　　　　:
_____/:

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, WILLIAM NORKUNAS, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sue the Defendant, DILIP REALTY LLC, a Massachusetts Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff William Norkunas is an individual with disabilities as defined by the ADA. Mr. Norkunas was born, grew up and was educated in Massachusetts, and has extended family living in Massachusetts, and returns regularly for personal and business reasons. William Norkunas has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

2. Defendant's property, Days Inn Danvers, is located at 152 Endicott Street, Danvers, MA 01923, in the County of Essex.

3. Venue is properly located in the District of Massachusetts because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Days Inn Danvers, and is located at 152 Endicott Street, Danvers, MA 01923.

6. William Norkunas has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 8 of this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. William Norkunas desires to visit Days Inn Danvers not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

7. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or

accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

8. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Days Inn Danvers has shown that violations exist. These violations include, but are not limited to:

**Parking**

   A. In this parking area, there are an insufficient number of spaces designated for disabled use, violating Section 4.1.2(5)(a) of the ADAAG.

   B. The disabled use spaces do not have clear and level access aisles provided, violating Section 4.6.3 of the ADAAG (no slope greater than 1:50 in all directions).

   C. There are no curb cuts extending from the parking area access aisles in violation of ADAAG section 4.7.1.

   D. There is no accessible route from the parking areas to the facility, in violation of Section 4.3.2 of the ADAAG.

   E. There are no signs designating the disabled use spaces, in violation of Section 4.6.4 of the ADAAG.

   F. The accessible parking spaces are improperly dispersed and marked in violation of Section 4.6.2 of the ADAAG.

   G. There is a passenger unloading area provided for public use without designating an area for disabled use in violation of Section 4.6.6 of the ADAAG.

   H. There are no disabled use parking spaces designated as "van accessible" violating Section 4.1.2(5)(b) of the ADAAG.

3

**Entrance Access and Path of Travel**

A. There are no accessible routes from the street, sidewalk and parking areas. There are violations of the requirements in Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

B. There are no curb ramps provided where the accessible route crosses a curb violating Section 4.7.1 of the ADAAG.

C. There are curb ramps at the facility contain excessive slopes, side slopes or cross slopes in violation of Section 4.7.2 of the ADAAG.

D. There are curb ramps at the facility that project into vehicular lanes in violation of Section 4.7.6 of the ADAAG.

E. There are doors at this facility that lack the required maneuvering clearances violating Section 4.13.6 and Figure 25 of the ADAAG.

**Access to Goods and Services**

A. There are permanently designated interior spaces without proper signage in violation of Sections 4.1.3(16) and 4.30.6 of the ADAAG.

B. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

**Accessible Guest Rooms**

A. There are an insufficient number of compliant disabled rooms in violation of ADAAG section 9.1.2.

B. There are areas for storage provided without the clear floor space prescribed in Sections 4.2.4 and 9.2.2(7) of the ADAAG.

C. There is an insufficient amount of rooms equipped for use by the hearing impaired violating Section 9.1.3 of the ADAAG.

D. The rooms designated for disabled use do not provide a roll-in shower for use by the disabled, violating Section 9.1.2 of the ADAAG.

E. The rooms for disabled use provide elements with controls and dispensers outside of the required ranges violating Sections 4.2.5 or 4.2.6 of the ADAAG.

F. The rooms for disabled use have doors which do not provide latch side clearance violating Section 4.13.6 and Figure 25 of the ADAAG.

G. The rooms for disabled use are not equipped with proper door hardware violating Sections 4.13.9 and 9.2.2(3) of the ADAAG.

H. The water closets that are provided violate the provisions of Section 4.16 of the ADAAG.

I. The sinks in the restroom provided in the room designated for disabled use do not meet the requirements prescribed in Sections 4.24 of the ADAAG.

J. The grab-bars in the restroom provided in the room designated for disabled use do not comply with the requirements prescribed in Figures 30,33,34,37 and Section 4.26 of the ADAAG.

K. The dispensers provided in the restroom provided in the room designated for disabled use are in violation of the requirements in Section 4.27 and Figure 30 of the ADAAG.

L. There is no clear path of travel provided between all elements provided in the room designated for disabled use violating Section 9.2.2(2) of the ADAAG.

M. The fixtures in the disabled use room have controls that are not easily operated with a closed fist in violation of Section 4.27.4 the ADAAG.

N. The disabled rooms are not dispersed among the various classes of sleeping accommodations in violation of Section 9.1.4 of the ADAAG.

O. The tubs in the disabled rooms lack securely fastened tub seats in violation of ADAAG section 4.20.3

P. The controls in the tub are not located in accordance with the requirements of ADAAG figure 34.

9. The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

10. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

       accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

11. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

12. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

13. Notice to Defendant is not required as a result of the Defendant's failure to cure the

violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

14. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Days Inn Danvers to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.

§ 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

George W. Skogstrom, Jr., Esquire (BBO #552725)
SCHLOSSBERG, LLC
35 Braintree Hill Office Park, Suite 204
Braintree, MA 02184
(781) 848-5028
(781) 848-5096 - Facsimile
gskogstrom@sabusinesslaw.com

Lawrence A. Fuller, Esquire, *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
LFuller@fullerfuller.com

By: _____
George W. Skogstrom, Jr., Esq. (BBO #552725)

Date: 11/30/2010

Counsel for Plaintiff William Norkunas

#4149-Dilip Realty LLC Complaint Pkg.wpd